DA 12-0754

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 291N

IN THE MATTER OF THE PARENTING OF L.M.O.,

JORDYN RAEANNE OSTLUND,

      Petitioner and Appellee,

   v.

JAMIE MICHAEL ABRAHAM,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                       In and For the County of Yellowstone, Cause No. DR 12-251
                       Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Jamie M. Abraham, self-represented; Butte, Montana

      For Appellee:

           George T. Radovich; Attorney at Law; Billings, Montana

Submitted on Briefs:  September 4, 2013
             Decided:  October 8, 2013

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jamie Michael Abraham appeals two orders in which the Thirteenth Judicial District Court, Yellowstone County, established a parenting plan for the parties' minor child, L.M.O., and entered a permanent order of protection against Abraham. We affirm.

¶3 On appeal, Abraham argues the District Court violated his due process rights in that he was "not given the opportunity" to be present at trial. He also claims the District Court failed to follow the Montana Rules of Evidence when it did not arrange for him to be present at the trial, that the court did not have sufficient evidence to support its findings of fact, that the court's calculation of his child support payments was incorrect and not based on sufficient evidence, and that the court violated procedural requirements for converting a temporary order of protection into a permanent order of protection.

¶4 Abraham was served with Jordyn Raeanne Ostlund's petitions for a parenting plan and temporary order of protection in this matter on April 2, 2012. At that time, Abraham was in the intake unit at Montana State Prison (MSP). His default was entered for failing to respond but the District Court set aside the default on June 8, 2012, and allowed

Abraham's late-submitted answer to be filed. Abraham's typewritten, twelve-page answer addressed both the allegations of abuse for issuance of an order of protection and the specifics of a proposed parenting plan and child support order. On June 8, 2012, the court also entered a scheduling order setting trial for September 28, 2012, and requiring the parties to participate in mediation at least twenty days before trial. The scheduling order was mailed to Abraham at MSP.

¶5 On August 17, 2012, Abraham filed a motion to compel mediation, stating he had been unable to find a pro bono mediator. The court did not act upon that motion.

¶6 The case proceeded to trial as scheduled on the morning of September 28. Abraham was not present. The court took evidence from Ostlund, adopted her proposed parenting plan, and ordered Abraham to pay Ostlund $171 per month, imputing income to Abraham based on his previous work history.

¶7 On the afternoon of September 28, Abraham filed a motion for an order setting a hearing "in regards to mediation for the Proposed Parenting Plans" with the Clerk of the Yellowstone County District Court. Apparently because trial already had occurred, the court took no action on the motion.

¶8 The record establishes, and Abraham does not dispute, that he was properly served with the summons, petitions, and the order setting this case for non-jury trial. No due process violation has been established. The Montana Rules of Evidence do not require a

3

court to ensure that a respondent is present at trial, and Abraham did not move to continue the trial date or to appear at trial by VisionNet.

¶9 Because Abraham has not provided this Court with transcripts of the September 28 hearing, he has not met his duty, as the appellant, to provide this Court with a sufficient record to rule on the two issues he has set forth concerning whether the District Court's findings are supported by sufficient evidence. *See* M. R. App. P. 8(2).

¶10 Finally, § 40-15-204(2), MCA, provides that, "[i]n a dissolution proceeding, the district court may, upon request, issue either an order of protection for an appropriate period of time or a permanent order of protection." That statute allows the court to enter a permanent order of protection as part of a dissolution proceeding, rather than under the separate statutes governing proceedings on a petition for order of protection. Although the parties in this case never had been married, the proceeding was for a parenting plan under Title 40, Chapter 4, MCA—the same chapter as dissolution proceedings. Abraham had notice of and responded in his answer to the allegations seeking an order of protection. We conclude that his substantial rights were not prejudiced by the District Court's decision to consider Ostlund's request for a permanent order of protection in conjunction with the parenting proceedings instead of holding a separate hearing. See Mont. R. Civ. P. 61. Moreover, Ostlund acknowledges that when Abraham is released from prison, he may seek modification of the parenting plan and the order of protection based on the change in his status.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that Abraham has failed to establish reversible error by the District Court.

¶12 Affirmed.

/S/ BETH BAKER

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS